UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-09-HRW

ALFRED L. WILSON,                                          PLAINTIFF,

v.               **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for supplemental security income benefits on December 17, 2002 (Tr. 50), alleging disability beginning on April 1. 1998, due to memory lapses caused by seizures, inability to follow directions, dizziness, alcohol addiction, a history of a broken back, nerve damage in the right

1

leg and pancreatitis (Tr. 13). This application was denied initially and on reconsideration. On April 7, 2004, an administrative hearing was conducted by Administrative Law Judge James D. Kemper, Jr. (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 196-218). At the hearing, Melissa Glannon, a vocational expert (hereinafter "VE"), also testified (Tr. 219-220).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

>Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
>Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
>Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
>Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
>Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On July 29, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-19).  Plaintiff was 46 years old at the time of the hearing decision (Tr. 13). He has a 9th grade education (Tr. 13).  His past relevant work experience consists of work as a bricklayer, a drywaller, a carpenter and at a food company hanging hams (Tr. 13).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr.13).  The ALJ then determined, at Step 2, that Plaintiff suffered from chronic neck and low back pain and a history of seizures, which he found to be "severe" within the meaning of the Regulations (Tr. 13).  At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15).  In doing so, the ALJ specifically considered listings 1.00 and 11.00 (Tr. 15).  The ALJ further found that Plaintiff could not return to his/her past relevant work (Tr. 19) but determined that the has the following residual functional capacity ("RFC"):

> [T]o lift and/or carry no more than twenty pounds
> occasionally and ten pounds frequently.  He should
> never climb ladders, ropes or scaffolds and should
> only occasionally bend or stoop.  He should avoid all
> hazards.

(Tr. 19).

3

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work, such as small parts assembler, machine tender and inspector (Tr. 19). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on December 11, 2004 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

  **B.** **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because (1) the ALJ did not accurately assess Plaintiff's credibility and (2) the ALJ failed to properly consider the combination of Plaintiff's impairments.

  **C.** **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not accurately assess Plaintiff's credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be

5

discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). The ALJ found Plaintiff's credibility to be "only fair at best" (Tr. 16). The ALJ referred to several inconsistencies in the record. For example, Plaintiff testified that he had abstained from drinking for the past two years, yet reported ongoing alcohol use to Dr. Roy Stauffer and William Lynne (Tr. 91-97 and 98-103). His reports of seizures are inconsistent as well. In February 2003 he told DR. Stauffer that his most recent seizure had occurred the preceding weekend; yet, one month later, he reported to Mr. Lynne that his last seizure was "maybe three years ago" (Tr. 91-97 and 98-103). The ALJ also referred to strong evidence of malingering as noted in the consultative psychological evaluation (Tr. 98-103).

Further, the medical evidence of record does not support Plaintiff's complaints of disabling pain. Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. For example, Dr. Stauffer noted no restriction in Plaintiff's range of motion examination and also found his gait and station were normal, cranial nerves intact and heel, toe and tandem walk to be normal (Tr. 92).

Given the flagrant inconsistencies between Plaintiff's allegations and the objective medical evidence, the Court finds no error in the ALJ's evaluation of Plaintiff's credibility. To the contrary, the ALJ's determination in this regard is supported by substantial evidence on the record.

Plaintiff's second claim of error is that the ALJ failed to properly consider the combination of Plaintiff's impairments. A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe, at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 15). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in

7

this regard is without merit.

## III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This July 6, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge